UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| JAMES H. BAQLEH,<br><br>Plaintiff,<br><br>v.<br><br>LAKE COUNTY SHERIFF'S<br>DEPARTMENT, et al.,<br><br>Defendants. | Case No.  25-cv-10377-RFL<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: Dkt. No. 19 |

James Baqleh, who is representing himself, filed this action against Lake County Sheriff's Department, Lake County (together, "County Defendants"), and various Doe jail staff—including correctional officers and medical personnel—related to his detention at the Lake County Jail in April and November 2024.  (Dkt. Nos. 1, 16.)  After Defendants filed a motion to dismiss Baqleh's initial complaint, Baqleh filed an amended complaint asserting three causes of action under 42 U.S.C. § 1983.  (Dkt. No. 16 ("FAC").)  He alleges that Doe Defendants subjected him to inhumane conditions of confinement and showed deliberate indifference to serious medical needs in violation of the Fourteenth Amendment.  And he further alleges that County Defendants are liable for his mistreatment under *Monell v. N.Y. City Dep't of Social Servs.*, 436 U.S. 658 (1978).  Defendants move to dismiss for failure to state a claim.  (Dkt. No. 19.)  For the reasons explained below, Defendants' Motion to Dismiss is **GRANTED** with leave to amend.

## I.      BACKGROUND

Baqleh alleges that during his confinement in November 2024, he was housed "in a jail cell in which the toilet was inoperable and would not flush" for four consecutive days and during

that time jail staff "failed to repair the toilet and failed to provide reasonable alternative sanitation, such as cell relocation or escorted access to a functioning restroom." (FAC ¶¶ 13–15.)  The FAC further alleges that jail staff "were aware, or reasonably should have been aware, of the non-functioning toilet through direct observation, inmate requests, and established maintenance reporting procedures." (*Id.* ¶ 16.)  The FAC also alleges that "in April 2024 and November 2024, [Baqleh] experienced serious medical symptoms, including throat discomfort, gagging, difficulty eating, and related physical distress" and reported the symptoms to jail staff. (*Id.* ¶¶ 19–20.)  Staff allegedly "failed to conduct adequate medical evaluation and failed to provide timely and appropriate medical care, despite the obvious risk of harm." (*Id.* ¶ 22.)  The FAC does not contain any factual allegations about Baqleh's interactions with any jail staff, any requests for assistance with respect to his toilet or his medical care, or any description of his medical treatment or lack thereof.

With respect to County Defendants, the FAC alleges (1) a "custom or practice of failing to timely repair non-functioning toilets," (2) a "custom or practice of inadequate response to detainee medical complaints," (3) and a failure to train, supervise, and discipline with respect to jail maintenance and medical care. (*Id.* ¶¶ 25–30.)  There are no factual allegations in the FAC supporting the existence of any policy, custom, or practice.

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 8(a)(2) requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  A complaint that fails to meet this standard may be dismissed pursuant to Rule 12(b)(6). *See* Fed. R. Civ. P. 12(b)(6).  To overcome a Rule 12(b)(6) motion to dismiss, a plaintiff's "factual allegations [in the complaint] 'must . . . suggest that the claim has at least a plausible chance of success.'" *Levitt v. Yelp! Inc.*, 765 F.3d 1123, 1135 (9th Cir. 2014) (citation omitted).  The court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).  But "allegations in a complaint . . . may not simply recite the

elements of a cause of action [and] must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Levitt*, 765 F.3d at 1135 (citation omitted). "A claim has facial plausibility when the Plaintiff pleads factual content that allows the court to draw the reasonable inference that the Defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citation omitted).

Because Baqleh is proceeding without representation by a lawyer, the Court must construe the complaint liberally. *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). However, litigants unrepresented by a lawyer remain bound by the Federal Rules and Local Rules of this District. *See* N.D. Cal. Civ. L.R. 3-9(a).

III.   **ANALYSIS**

A.    **Baqleh has Not Stated a Conditions of Confinement Claim**

"The Supreme Court has treated medical care claims substantially the same as other conditions of confinement violations." *See Gordon v. Cnty. of Orange*, 888 F.3d 1118, 1124 (9th Cir. 2018). The elements of a pretrial detainee's Fourteenth Amendment[1] conditions of confinement claim against an individual officer are:

> (1) The defendant made an intentional decision with respect to the conditions under which the plaintiff was confined;
>
> (2) Those conditions put the plaintiff at substantial risk of suffering serious harm;
>
> (3) The defendant did not take reasonable available measures to abate that risk, even though a reasonable officer in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and
>
> (4) By not taking such measures, the defendant caused the plaintiff's injuries.

*Castro v. Cnty. of Los Angeles*, 833 F.3d 1060, 1071 (9th Cir. 2016); *see also Gordon*, 888 F.3d

---

[1] Although not expressly alleged, the parties appear to agree that Baqleh was a pre-trail detainee at the time of his confinement.

3

at 1124–25 (same test applies to a medical care claim).  The third element is an objective standard "akin to reckless disregard."  *Castro*, 833 F.3d at 1071.

Severe or prolonged exposure to a lack of sanitation while in detention can give rise to a constitutional claim.  *Walker v. Ahern*, No. 16-cv-04988-YGR, 2018 WL 2267745, at *7–8 (N.D. Cal. May 17, 2018) (collecting cases); *Martino v. Carey*, 563 F. Supp. 984, 999 (D. Or. 1983) ("Functioning plumbing, including toilets, sinks and showers, is a basic necessity of civilized life.").  While deprivation of a working toilet for a span of hours, without more, is likely insufficient to give rise to a constitutional claim, a more prologued deprivation could rise to such a level, especially where the deprivation results in ongoing exposure to bodily waste.  *See Anderson v. Cnty. of Kern*, 45 F.3d 1310, 1314 (9th Cir. 1995) (acknowledging that "subjection of a prisoner to lack of sanitation that is severe or prolonged can constitute an infliction of pain within the meaning of the Eighth Amendment"), *opinion amended on denial of reh'g*, 75 F.3d 448 (9th Cir. 1995); *Martino*, 563 F. Supp. at 991, 999 (finding Eighth Amendment violation where "plumbing . . . at the jail has allowed feces, urine and vomit to overflow from the toilets into the cells on a regular basis").  Deliberate indifference in providing medical care to a pre-trial detainee may also constitute a violation of the Fourteenth Amendment.  *Gordon*, 888 F.3d at 1124–25.

As pled, the FAC does not allege cognizable conditions of confinement claims.  The claims are alleged against "Defendants," but there is no description of the knowledge or actions of any particular individual from which it can be inferred that the individual "made an intentional decision with respect to" Baqleh's access to a toilet or his medical care.  Similarly, there are insufficient factual allegations from which it can be inferred that the non-functioning toilet and Baqleh's health conditions put him at "substantial risk of suffering serious harm," or that reasonable jail staff would have appreciated the existence of such a risk.  Finally, Baqleh does not allege that he experienced an injury related to the non-functioning toilet; he only describes a "risk" of harm.  (FAC ¶ 18.)  With respect to the medical care, Baqleh asserts that he experienced "unnecessary pain [and] suffering" but does not include any factual allegations

about his injury.  (*Id.* ¶ 23.)

In short, even construed liberally, the FAC is missing the factual allegations necessary to state a claim under either a conditions of confinement or access to medical care theory.

### B.        Baqleh has Not Stated a *Monell* Claim

"To impose Monell liability on a municipality under Section 1983, [Baqleh] must prove: (1) [that he] had a constitutional right of which he was deprived; (2) the municipality had a policy; (3) the policy amounts to deliberate indifference to his constitutional right; and (4) the policy is the moving force behind the constitutional violation." *Gordon v. Cnty. of Orange*, 6 F.4th 961, 973 (9th Cir. 2021) (citation omitted).   A governmental policy is "a deliberate choice to follow a course of action . . . by the official or officials responsible for establishing final policy with respect to the subject matter in question."  *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986).  The policy requirement can be satisfied by showing a "longstanding practice or custom."  *Thomas v. Cnty. of Riverside*, 763 F.3d 1167, 1170 (9th Cir. 2014).  Such circumstances may arise when, for instance, the public entity "fail[s] to implement procedural safeguards to prevent constitutional violations," and the failure amounts to deliberate indifference.  *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1143 (9th Cir. 2012) (citation omitted); *see also City of Canton, Ohio v. Harris*, 489 U.S. 378, 388 (1989) (setting out a similar standard for failure to train claims).  "Liability for improper custom may not be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy."  *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996).

Baqleh's *Monell* claim is likewise insufficiently pled.  The FAC does not identify a formal or informal policy with respect to the alleged violations that Baqleh experienced, nor does it contain factual allegations of repeated instances of similar misconduct from which a longstanding practice can be inferred.  Therefore, Baqleh's *Monell* claim is dismissed.

### C.        Leave to Amend

Because it is not clear that amendment would be futile, dismissal of Baqleh's claims is

with leave to amend.  However, the allegations in Baqleh's initial complaint and FAC are "considered judicial admissions," *Hakopian v. Mukasey*, 551 F.3d 843, 846 (9th Cir. 2008), and are binding on Baqleh in this action.  For example, with respect to the medical care claim, the initial complaint alleges that in November 2024 Baqleh was given ivermectin despite his request to be treated with permethrin.  (Dkt. No. 1 at 10; *id.* at 16.)  Without more, Baqleh's personal disagreement regarding appropriate medical treatment is not a plausible basis for finding that Defendants acted with reckless disregard for his medical needs.  And while Baqleh may amend to attempt to cure the deficiencies identified in this order, he may not do so in a way that conflicts with the allegation in his prior complaints.

## IV.    CONCLUSION

Defendants' motion to dismiss is **GRANTED** with leave to amend.  If Baqleh believes he can fix the deficiencies identified in this Order, he may file an amended complaint by **April 21, 2026**.  Baqleh may not add new claims or parties without leave of the Court or stipulation by the parties pursuant to Federal Rule of Civil Procedure 15.  Because an amended complaint completely replaces the previous complaint, Baqleh must include in his amended complaint all the claims he wishes to present and all the facts he wishes to allege.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).  He may not incorporate material from any prior complaint by reference.  If Baqleh does not submit an amended complaint by that date, the dismissed claims will remain dismissed with prejudice and the case will be closed.

**IT IS SO ORDERED.**

Dated: March 31, 2026

RITA F. LIN
United States District Judge

6