UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES H. BAQLEH,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>LAKE COUNTY SHERIFF'S<br>DEPARTMENT, et al.,<br><br>　　　　Defendants. | Case No.  25-cv-10377-RFL<br><br><br>**ORDER GRANTING MOTION TO<br>DISMISS SECOND AMENDED<br>COMPLAINT**<br><br>Re: Dkt. No. 27 |

James Baqleh, who is representing himself, filed this action against Lake County Sheriff's Department, Lake County (together, "County Defendants"), and various Doe jail staff—including correctional officers and medical personnel—related to his detention at the Lake County Jail in April and November 2024.  (Dkt. No. 26 ("SAC").)  He alleges that unidentified jail staff subjected him to inhumane conditions of confinement and showed deliberate indifference to his serious medical needs in violation of the Fourteenth Amendment, and that County Defendants have engaged in a pattern and practice of similar violations.  Defendants move to dismiss Baqleh's Second Amended Complaint.  (Dkt. No. 27.)  For the reasons explained below, the Motion to Dismiss is **GRANTED**.  This order assumes the reader is familiar with the facts of the case, the applicable legal standards, and the arguments made by the parties.

***Inoperable Toilet***.  Severe or prolonged exposure to a lack of sanitation while in detention can give rise to a constitutional claim.  *See Walker v. Ahern*, No. 16-cv-04988-YGR, 2018 WL 2267745, at *7–8 (N.D. Cal. May 17, 2018) (collecting cases).  The SAC alleges that during a four-day period the toilet in Baqleh's cell did not flush, and urine accumulated in the

1

non-functioning toilet.  (SAC ¶¶ 13, 23.)  Baqleh alleges that he was only provided access to a functioning restroom on "approximately two occasions" during the four-day period.  (*Id.* ¶ 20.) He alleges that he advised several officers of the issue, and submitted written complaints, without resolution.  (*Id.* ¶¶ 24–29.)  Without more, the allegations in the SAC do not plausibly amount to a constitutional violation given the relatively short period of the deprivation, the intermittent access to a working restroom, and the lack of any allegations that Baqleh was exposed to bodily fluids or suffered adverse health effects as a result of the deprivation.

*Medical Treatment*.  Deliberate indifference in providing medical care to a pre-trial detainee may constitute a violation of the Fourteenth Amendment.  *Gordon v. Cnty. of Orange*, 888 F.3d 1118, 1124 (9th Cir. 2018).  The SAC alleges that during Baqleh's incarcerations in April 2024 and November 2024 he suffered "from a serious and ongoing parasitic condition consistent with scabies, causing symptoms including throat discomfort, gagging, difficulty eating, skin irritation, and related physical distress."  (SAC ¶ 34.)  In April 2024, Baqleh was treated with permethrin—a treatment he approved of—but his symptoms persisted.  (*Id.* ¶¶ 35–36; Dkt. No. 1 at 1, 10.)  In November 2024 Baqleh was provided "a different topical treatment," jail staff "refused to further evaluate" him, and again his symptoms persisted.  (SAC ¶¶ 39, 42.) Baqleh has previously alleged that, in November 2024, he wished to continue permethrin treatment, but jail staff treated him with ivermectin pills instead.  (Dkt. No. 1 at 1, 10.)   Baqleh's factual allegations amount to a disagreement over appropriate medical treatment, and do not plausibly constitute deliberate indifference.  *See Wilhelm v. Rotman*, 680 F.3d 1113, 1123 (9th Cir. 2012).  The remaining allegations in the SAC regarding failure to "further evaluate," "follow-up" or "reassess" are conclusory.

*Monell Claim*.  Because the SAC does not plead a constitutional deprivation, Baqleh's claim against County Defendants also fails.  *See Gordon v. Cnty. of Orange*, 6 F.4th 961, 973 (9th Cir. 2021) ("To impose Monell liability on a municipality under Section 1983, [a plaintiff] must prove: [that he] had a constitutional right of which he was deprived[.]").  The claim fails for the additional reason that Baqleh has not identified a formal or informal policy or a longstanding

practice with respect to the alleged violations.  The events that Baqleh himself experienced, over the course of several days, do not plausibly amount to a longstanding practice.  *See Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996) ("Liability for improper custom may not be predicated on isolated or sporadic incidents.").

For the forgoing reasons, the Motion to Dismiss is **GRANTED** for failure to state a claim.  Because the Court finds that further amendment would be futile, dismissal is without leave to amend and with prejudice.  A separate judgment will issue.


**IT IS SO ORDERED.**

Dated: April 10, 2026

RITA F. LIN
United States District Judge